Rich Curtner
Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska 99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | NO. 3:10-cr-00115-HRH -JDR |
|---|---|
| Plaintiff, | **MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS COUNTS 1 AND 2 OF THE INDICTMENT** |
| vs. | |
| MATTHEW WAYNE HENRY, | |
| Defendant. | |

## I. FACTUAL BACKGROUND

Matthew Henry has been indicted under 18 U.S.C. §§ 922(o)(1) and 924(a)(2), possession of a machinegun on October 30, 2009, and possession of a part designed and intended for use in converting a weapon into a machinegun on June 14, 2010. On both dates, items described in the Indictment were seized from Mr. Henry's home.

Mr. Henry is not a felon or mentally ill. He did not possess these items in a school or government building or any public location outside of his home. Mr. Henry was not involved in the commercial sale of these arms.

Mr. Henry submits that he possessed these items in defense of his home, as is his right under the Second Amendment.

## II. CONGRESS'S POWER UNDER THE COMMERCE CLAUSE

In *United States v. Stewart (Stewart I)*, 348 F.3d 1132, 1140 (9th Cir. 2003), the Ninth Circuit Court of Appeals held that 18 U.S.C. § 922(o) was an invalid exercise of Congress's power under the Commerce Clause as applied in that case. The Ninth Circuit ruling was that criminalizing the possession of a homemade machinegun was an unlawful extension of Congress's commerce power.

The United States Supreme Court granted certiorari, vacated that decision, and remanded the case to the Court of Appeals. *United States v. Stewart*, 545 U.S. 1112 (2005) (Mem). The remand was based on the decision of the Supreme Court in *Gonzales v. Raich*, 545 U.S. 1 (2005).

On remand, the Ninth Circuit Court of Appeals affirmed Stewart's conviction. *United States v. Stewart (Stewart II)*, 451 F.3d 1071 (9th Cir. 2006). This decision in *Stewart II* was based on *Gonzales v. Raich*. However, the Court of Appeals stated:

> We note in passing that since the Second Amendment does not grant individual rights, see *Silveira v. Lockyer*, 312 F.3d 1052 (9th Cir.2002), we cannot rely on it as a basis for requiring

>Congress to make specific findings in legislation touching on firearms.

451 F.3d 1075, fn. 6.

Since that decision, the United States Supreme Court decided *District of Columbia v. Heller*, 554 U.S. 570 (2008), which held that the Second Amendment does in fact confer an individual the right to keep and bear arms. 554 U.S. at 595. The *Heller* decision turns the rational of *Stewart II* on its head, and supports the first *Stewart* decision as correct.

In light of *Heller* and the rationale of *Stewart I*, Mr. Henry submits that prosecution of Mr. Henry under the facts of this case under 18 U.S.C. § 922(o) is an invalid exercise of Congress's commerce power and the Indictment should be dismissed.

## III. *DISTRICT OF COLUMBIA V. HELLER*

In *Heller*, Justice Scalia, writing for the majority, stated that:

> There seems to us no doubt, on the basis of both text and history, that the Second Amendment conferred an individual right to keep and bear arms.

554 US. at 595.

The *Heller* decision recognized that the right to keep and bear arms is subject to certain limitations. Characterizing the right to bear arms as one that is related to the inherent right of self-defense, *Heller* described the individual right conferred by the Second Amendment as the right of "law-abiding, responsible citizens to use arms in defense of hearth and home."

*Heller* specifically stated that the right secured by the Second Amendment is not unlimited:

> [N]othing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms.

554 U.S. at 626-27.

None of these exceptions apply to Mr. Henry under the facts of this case. Mr. Henry's possessing of arms is protected by the Second Amendment.

## IV. CONCLUSION

For these reasons, Mr. Henry asks this Court to enter an order dismissing Counts 1 and 2 of the Indictment in this case.

DATED at Anchorage, Alaska this 14th day of January 2011.

Respectfully submitted,

/s/Rich Curtner
Federal Defender
601 West Fifth Avenue, Suite 800
Anchorage, AK 99501
Phone: 907-646-3400
Fax: 907-646-3480
E-Mail: rich_curtner@fd.org

<u>Certification</u>:
I certify that on January 14, 2011,
a copy of the ***Memorandum of Law
in Support of Motion to Dismiss
Counts 1 and 2 of the Indictment***
was served electronically on:

Erin E. White
Assistant U.S. Attorney
222 West 7th Avenue, #9
Anchorage, AK 99513
Email: erin.white@usdoj.gov

/s/Rich Curtner