Rich Curtner
Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska 99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA,<br>Plaintiff,<br>vs.<br>MATTHEW WAYNE HENRY,<br>Defendant. | NO. 3:10-cr-00115-HRH -JDR<br><br>**DEFENDANT'S REPLY TO THE GOVERNMENT' OPPOSITION (Docket No. 33) TO DEFENDANT'S MOTION TO DISMISS COUNTS 1 AND 2 OF THE INDICTMENT (Docket No. 23)** |
|---|---|

## I. INTRODUCTION

Matthew Henry filed a motion to dismiss the charges pending against him on two grounds. First, that possession of the firearm and firearm parts as charged in the Indictment is protected by the Second Amendment. Secondly, that the statute he is being prosecuted under is an invalid exercise of Congress's commerce power.

This reply addresses both of these grounds.

## II. MR. HENRY'S RIGHT TO BEAR ARMS UNDER THE SECOND AMENDMENT

Mr. Henry's Second Amendment claim is based on *District of Columbia v. Heller*, 554 U.S. 570 (2008). In *Heller*, the Supreme Court held that the Second Amendment's right to keep and bear arms protects an individual's right to possess a firearm for a lawful purpose, such as self-defense in the confines of one's home.

The *Heller* decision does not protect the possession of all firearms in all situations. The Supreme Court clearly made exceptions for possession by felons, possession in schools and government buildings, or commercial sale of firearms. 554 U.S. at 626-27. But the Court never identified the possession of a homemade automatic firearm for the purpose of self-defense in one's own home as exempted from Second Amendment protection.

The majority opinion, in fact, recognizes that since *Heller* is the Supreme Court's "first in-depth examination of the Second Amendment," it leaves "many applications of the right to keep and bear arms in doubt." 554 U.S. at 635. But the conclusion of *Heller* is stated so:

> In sum, we hold that the District's ban on handgun possession in the home violates the Second Amendment, **as does its prohibition against rendering any lawful firearm in the home operable for the purpose of immediate self-defense**.

554 U.S. at 635 (emphasis added).

So it is not "clear," as stated in the government's opposition, that "machine guns are not covered by the Second Amendment." A better conclusion is that under the

mandate of *Heller*, Mr. Henry''s possession of an automatic weapon in his own home for the purpose of immediate self-defense is protected by the Second Amendment.

The most recent Ninth Circuit case to address this issue was *United States v. Stewart*, 451 F.3d 1071 (9th Cir. 2006). The *Stewart* decision did not seriously consider the Second Amendment argument based on *Silveira v. Lockyer*, 312 F.3d 1052 (9th Cir. 2002). But after *Heller*, this Court and the Ninth Circuit must analyze the issue under current Second Amendment jurisprudence.

## III. TITLE 18 U.S.C. § 922(o) IS AN INVALID EXERCISE OF CONGRESS'S COMMERCE POWER.

In *United States v. Stewart*, 348 F.3d 1132 (9th Cir. 2003) (*Stewart I*), the Ninth Circuit held that 18 U.S.C. § 922(o), as applied to Stewart, was an invalid exercise of Congress's commerce power. The defendant in *Stewart* was convicted of possessing homemade machineguns, which he machined and assembled himself. He also sold parts kits for the manufacture and assembly of machineguns.

The facts in Mr. Henry's case are substantially less than those involved in *Stewart*. Mr. Henry privately possessed an automatic weapon and one "auto-sear," both homemade and not involved in interstate travel or any commercial enterprise.

In *Stewart I*, the Ninth Circuit applied the four-prong test of *United States v. Morrison*, 529 U.S. 598 (2000) to 18 U.S.C. § 922(o) and the specific facts of that case. The Court of Appeals decided that § 922(o) failed all four prongs of the *Morrison* test.

In *Stewart II*, *United States v. Stewart*, 451 F.3d 1071 (2006), the Ninth Circuit reversed its first opinion based on *Gonzales v. Raich*, 545 U.S. 1 (2005). But the

linchpin of *Stewart II* was that at the time, the Second Amendment was not an individual right. Therefore, in *Stewart II*, the Ninth Circuit only had to apply a rational basis test.

After *Heller*, the *Stewart* decision must be revisited under the *Morrison* test originally used in *Stewart I*. This conclusion is obvious from the *Heller* majority decision.

> Justice BREYER correctly notes that this law, like almost all laws, would pass rational-basis scrutiny. But rational-basis scrutiny is a mode of analysis we have used when evaluating laws under constitutional commands that are themselves prohibitions on irrational laws. In those cases, "rational basis" is not just the standard of scrutiny, but the very substance of the constitutional guarantee. Obviously, the same test could not be used to evaluate the extent to which a legislature may regulate a specific, enumerated right, be it the freedom of speech, the guarantee against double jeopardy, the right to counsel, **or the right to keep and bear arms**. If all that was required to overcome the right to keep and bear arms was a rational basis, the Second Amendment would be redundant with the separate constitutional prohibitions on irrational laws, and would have no effect.

554 U.S. at 628, fn 27 (citations omitted) (emphasis added).

After *Heller*, this Court must use the *Morrison* test as to whether § 922(o) can be constitutionally applied to Mr. Henry's case. In applying the *Morrison* test to Mr. Henry's case, this Court must also factor in the special protections afforded Alaska citizens under the Alaska Firearms Freedom Act, A.S. § 44.99.500, attached as Exhibit A.

## IV. MR. HENRY REQUESTS AN EVIDENTIARY HEARING

In order to establish the facts of this case as to the homemade nature of the arms involved, Mr. Henry requests an evidentiary hearing.

DATED at Anchorage, Alaska this 7th day of February 2011.

Respectfully submitted,

/s/Rich Curtner
Federal Defender
601 West Fifth Avenue, Suite 800
Anchorage, AK 99501
Phone: 907-646-3400
Fax: 907-646-3480
E-Mail: rich_curtner@fd.org

Certification:
I certify that on February 7, 2011, a copy of the ***Defendant's Reply to the Government' Opposition (Docket No. 33) to Defendant's Motion to Dismiss Counts 1 and 2 of the Indictment (Docket No. 23)*** was served electronically on:

Erin E. White
Assistant U.S. Attorney
222 West 7th Avenue, #9
Anchorage, AK 99513
Email: erin.white@usdoj.gov

/s/Rich Curtner