UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>                Plaintiff,<br>    vs.<br><br>MATTHEW WAYNE HENRY,<br><br>                Defendant. | 3:10-cr-115-HRH-JDR<br><br>**FINAL RECOMMENDATION<br>REGARDING<br>MOTION TO DISMISS<br>COUNTS 1 AND 2**<br><br>(Docket No. 23) |

The Court issued an Initial Recommendation at Docket 35. The Government filed it's Objections at Docket 42 and the Defendant filed his Reply at Docket 43. After due consideration, the magistrate judge declines to modify the Initial Recommendation. A few comments regarding the Objections and Reply are appropriate, however.

### I. *Heller* outlines a more stringent test regarding the right to bear arms, which this court must apply in this case.

The Government has not cited any case law specifically addressing the issue of whether 18 U.S.C. § 922(o), as applied to Mr. Henry, is an invalid exercise of the Commerce Clause considering the new heightened scrutiny analysis

addressed in *Heller*.[1] The Initial Recommendation adequately examined this issue and the Government has offered no arguments or case law which persuade the magistrate judge to alter his recommendation.

### II. This Court does not lack authority to make a determination in a case of first impression.

The Government asserts that this court does not have the authority to make a decision outside of the parameters established in *Stewart II*.[2] More specifically, the Government argues that this court does not have the authority to make the decision recommended in the Initial Recommendation. The issue of possession of a machine gun in the context of the facts of this case, and in light of the individual right conferred in *Heller*, makes this a case of first impression. This court has authority to determine the appropriate legal remedy under case precedent and the facts presented in this matter.

//

---

[1] *See District of Columbia v. Heller*, 554 U.S. 570 (2008); the *Recommendation Regarding Motion to Dismiss Counts 1 and 2* should be amended to add "proper test" on page 15, to read: "In the instant case the Defendant, Henry, argues that since the Supreme Court determined that the Second Amendment conveys a personal right to bear arms, now viewed as a fundamental right, the *proper test* for review under the Commerce Clause would be a heightened scrutiny test."

[2] *United States v. Stewart*, 451 F.3d 1071 (9th Cir. 2006).

### III. The Initial Recommendation adequately analyzed *Stewart II* in light of *Heller.*

The Government argues in their Objections that the Initial Recommendation misconstrued the Ninth Circuit's decisions in *Stewart I* and *Stewart II*. The *Stewart* cases examined the constitutionality of 18 U.S.C. § 922(o). The Court in *Stewart II* noted that the analysis of whether the defendant's activities substantially affects interstate commerce would be different if the Second Amendment granted individual rights.[3] The magistrate judge examined the facts of this case and the case precedent in *Stewart II* in light of the individual right recognized in *Heller*. The magistrate declines to modify the analysis or conclusions outlined in the Initial Recommendation.

### IV. The Recommendation examines the intersection of Second Amendment rights in light of the controlling case precedent of *Stewart II.*

As noted above, the magistrate judge analyzed the Second Amendment rights described in *Heller* and their intersection with the Commerce Clause in this case, with the heightened scrutiny resulting from the individual right conveyed in *Heller*. That examination intersects with analysis in *Stewart II* in that the heightened scrutiny described in *Heller* results in a test that is out of line with the analysis in

---

[3] *Id.* at 1075; *Id.* at n.6.

*Stewart II*. The magistrate judge declines to modify the analysis or conclusions outlined in the Initial Recommendation based on the arguments asserted by the Government in it's Objections.

> **V. Ninth Circuit case precedent establishes an analysis of § 922(o) under the third prong of the Commerce Clause test.**

The Government argues in their Objections that this court should examine the facts of this case under the first test regarding the Commerce Clause: Congress may regulate the use of the channels of interstate commerce. In this case, the Defendant is charged in Counts 1 and 2 of the Indictment of violating 18 U.S.C. § 922(o). In *Stewart II*, the Ninth Circuit determined that § 922(o) "could not be justified under either of the first two categories" and instead examined whether § 922(o) "substantially affected interstate commerce."[4] The magistrate judge applied this test in the Initial Recommendation.

The Government points to *United States v. Rambo* to support it's position.[5] However, *Rambo* was decided in 1996, prior to *Stewart II*. The court, instead, followed the rule outlined by *Stewart II* in 2006. Again, the magistrate judge declines to modify the analysis or conclusions outlined in the Initial Recommendation based on the arguments asserted by the Government in it's Objections.

---

[4]*Id.* at 1073.

[5]74 F.3d 948 (9th Cir. 1996).

Case 3:10-cr-00115-HRH   Document 44   Filed 02/28/11   Page 4 of 5

## VI. Conclusion

The magistrate judge has reviewed the Objections filed by the Government and the Defendant's Reply. The magistrate judge declines to modify the Initial Recommendation filed at Docket 35. The magistrate judge recommends the Court GRANT Defendant's Motion to Dismiss at Docket 23 for the reasons stated in this Final Recommendation and the Initial Recommendation. This matter is now forwarded to the assigned District Court Judge for his determination.

DATED this  28th  day of February, 2011, at Anchorage, Alaska.

 /s/ John D. Roberts
JOHN D. ROBERTS
United States Magistrate Judge